UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| Emmitt Glover, | Case No. 5:07-cv-435 |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Secretary, Department of Corrections, and Florida Attorney General, | |
| Respondents. | |

This matter is before the Court on a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. For the reasons that follow, the Petition is denied.

**BACKGROUND**

On September 28, 2001, Petitioner Emmitt Glover was found guilty of robbery and aggravated assault with a deadly weapon. Glover appealed his conviction and sentence, and the Florida Fifth District Court of Appeal affirmed on November 5, 2002. Glover then filed for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, alleging ineffective assistance of counsel. Glover's Rule 3.850 motion was denied on July 31, 2007. Glover filed a second Rule 3.850 motion alleging newly discovered evidence, and a per curiam affirmance was entered on October 28, 2008.

This Petition challenges the outcome of Glover's denial of postconviction relief, and raises the same claim of ineffective assistance of counsel, resting on seven specific claims.

**DISCUSSION**

**A.   Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") strictly limits a federal court's power to review habeas petitions brought by state-court prisoners. In particular, the AEDPA restricts the Court's review to state-court adjudications of the direct appeal or habeas petition that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The habeas statute also requires that a petition submitted by a person in custody pursuant to a state conviction be filed in federal court within one year from the date the conviction became final, 28 U.S.C. § 2244(d), and that a habeas petitioner exhaust his available state court remedies prior to raising them in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). In this case, Respondent concedes that the Petition is timely and that all claims but Petitioner's fourth claim have been exhausted in state court.

**B.   Ineffective Assistance of Counsel**

Glover contends that the trial court erred in denying his claim that his counsel was ineffective. Glover can succeed on this claim only if he can show that the court's decision was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Thus, Glover

2

must establish that his counsel was ineffective and that it was unreasonable for the trial court to conclude otherwise.

In order for Glover to be successful in challenging his conviction based on ineffective assistance of counsel he must meet two criteria. First, counsel's performance must be "so egregious that it rendered the trial fundamentally unfair." Damron v. Florida, No. 8:07-cv-2287, 2009 WL 1514269, at *2 (M.D. Fla. May 29, 2009) (citing Strickland v. Washington, 466 U.S. 668, 701 (1984)). Second, Glover bears the burden to prove "that his counsel's performance was objectively unreasonable by professional standards and that he was prejudiced as a result of the poor performance." Id. (citing Strickland, 466 U.S. at 687-88). To show prejudice, Glover "must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Woodford v. Visciotti, 537 U.S. 19, 22 (2002) (quotations omitted). Moreover, "[t]here is a strong presumption that an attorney's conduct fell within the 'wide range of professional norms,' and anything that 'might be considered sound trial strategy' will generally not prove counsel ineffective." Damron, 2009 WL 1514269, at *2 (quoting Strickland, 466 U.S. at 689).

1.   Failing to Exercise Peremptory Challenges

Glover first seeks relief on the ground that his counsel failed to challenge two potential jurors: Ms. Marshall and Ms. Miller. During voir dire, a juror said that he or she would believe the police officer's testimony over the defendant's. Glover claims that juror was Ms. Marshall. According to the trial transcript, however, that juror was actually Mr. Rogers, and he was challenged for cause and did not serve on Glover's jury. Ms. Marshall

did not make statements impugning her impartiality. Additionally, Ms. Miller indicated that she could be fair and impartial. The trial transcript reveals that Glover's counsel's decision to keep Ms. Marshall and Ms. Miller on the jury was not objectively unreasonable by professional standards. Thus, Glover's claim on this ground fails.

    2.    <u>Failure to Object to Closing Remarks</u>

Glover contends that his counsel was ineffective for failing to object to three of the prosecuting attorney's closing remarks. Glover does not identify what the objectionable remarks were, and as such has not met his burden to prove that his counsel's performance was objectively unreasonable or that he was prejudiced as a result of the performance.

Assuming that Glover intends to challenge the two comments raised in Glover's state postconviction motion, Glover cannot establish ineffective assistance of counsel with respect to these comments. As to one of the statements, Glover's counsel did object. The trial judge ruled that the statement did not warrant a mistrial. The other statement was a rebuttal to Glover's counsel's attempt to discredit a witness, and was likely not objectionable. Glover has not shown that the judge's determination was "an unreasonable determination of the facts," 28 U.S.C. § 2254(d)(2), or that any prejudice resulted from his counsel's performance. Thus, he has not met his burden.

    3.    <u>Failure to Object to Sleeping Juror</u>

Glover argues that his counsel's failure to object when a juror was sleeping during testimony about the DNA evidence constitutes ineffective assistance of counsel. While Glover is correct that a sleeping juror has the potential to prejudice his right to a fair trial, the

alleged sleeping juror was the alternate juror who did not participate in the verdict. Therefore, Glover has not established a reasonable probability that, but for his counsel's failure to object to the allegedly sleeping alternate juror, the result of the proceeding would have been different. Thus, his claim on this ground fails.

### 4. Failing to Call Witnesses

Glover claims that his counsel was ineffective in failing to investigate and call Travis Roger, Jamarcus Griffin, and Stephanie Davis as potential witnesses. Travis Roger was a participant in the robbery and was tried and convicted before Glover's trial. Jamarcus Griffin was Glover's co-defendant and chose not to testify. Stephanie Davis was the wife of Chuki Davis, another of Glover's co-defendants. Glover claims that Stephanie Davis would have been able to testify that he never entered the bank; however, he has provided no actual testimony or an affidavit from Davis to that effect.

A trial counsel's decision to call or not call a witness is generally considered trial strategy and therefore is not sufficient grounds for a ineffective assistance of counsel claim. Daniels v. McDonough, Case No. 8:03-cv-1701, 2006 WL 22620143, at *10 (M.D. Fla. Sept. 13, 2006) (citing United States v. Hughes, 635 F.2d 449, 453 (5th Cir. 1981)). Furthermore, "a defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." Id. (quoting United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991)). In general, to establish that the result of the proceedings may have been different a putative witness must be presented either through "actual testimony by the witness or an affidavit." Id.

5

Glover has neither shown that his counsel was unreasonable nor has he supplied actual testimony or an affidavit for the witness he contends should have been called. Furthermore, even had the witnesses testified that Glover did not enter the bank, Glover's claim still fails. There was significant independent evidence adduced at trial to establish that Glover did enter the bank. In addition, entry was not a required element of the charge of conviction. Thus, he fails to meet his burden on this claim.

5. <u>Failure to Object to Jury Instructions</u>

Glover contends that his counsel was ineffective for failing to object to jury instructions which used an and/or conjunction between his and his co-defendant's name. Glover claims he could have been convicted of the charged or lesser offense based solely on the actions of his co-defendant. Not only was the jury instructed on multiple occasions that each defendant was responsible for his own actions, but the jury also only found Glover guilty of the lesser included offense of robbery (not armed robbery, of which his co-defendant was convicted). Glover thus fails to demonstrate that his counsel's failure to object was so egregious as to render the trial unfair or that he was prejudiced as a result. This portion of his claim fails.

6. <u>Failure to Adequately Prepare for Trial</u>

Glover claims that his counsel erred in failing to adequately prepare for trial by failing to review discovery evidence, failing to interview or depose witnesses, failing to discuss or develop meaningful strategies, and failing to advise Glover that Chuki Davis was going to testify for the State. Glover bears the burden to prove "that his counsel's performance was

objectively unreasonable by professional standards." Glover's allegations, however, are not specific enough to meet this burden or to show any specific incident in which his counsel's decisions were objectively unreasonable. He therefore fails to explain how his defense was prejudiced by his counsel's performance, and his claim fails.

      7.     <u>Failure to Interview and Call a Witness</u>

Finally, Glover claims that his counsel erred in failing to interview and call Jamarcus Griffin, his co-defendant, to testify on Glover's behalf. While Glover proffers a sworn affidavit from Griffin stating that Griffin wished to testify on Glover's behalf, that affidavit also stated that Griffin's lawyer advised him that it was not a good idea. Furthermore, Griffin's attorney stated he would have been ethically required to withdraw should Griffin testify because that testimony would have constituted perjury. Not only does Glover fail to show that Griffin would have provided favorable testimony, it also would have been an ethical violation for Glover's counsel to contact Griffin personally. Glover's counsel was not ineffective for failing to do so, and Glover's claim on this ground fails.

**CONCLUSION**

Glover has not established that his counsel rendered ineffective assistance on any of the seven alleged grounds. His Petition must be denied.

Accordingly, **IT IS HEREBY ORDERED** that the Amended Petition for Writ of Habeas Corpus (Docket No. 24) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: Tuesday, November 9, 2010

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge